ROBERT N. BROWN AND ROSALIE BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 9570-79.
United States Tax Court
T.C. Memo 1982-253; 1982 Tax Ct. Memo LEXIS 497; 43 T.C.M. (CCH) 1322; T.C.M. (RIA) 82253; May 5, 1982. Robert N. Brown, pro se. Cynthia J. Olson, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge John J. Pajak pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, [1] and Rule 180, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts the Special Trial Judge's Opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1974 and 1975 in the amounts of $ 3,555.00 and $ 7,126.00, respectively, and additions *499 to tax for 1974 and 1975 under section 6653(a) in the amounts of $ 177.75 and $ 356.30, respectively, and for 1975 an addition to tax under section 6654 in the amount of $ 228.02. After numerous concessions by petitioners, the issues remaining for decision are: 1. Whether petitioners are entitled to deduct $ 5,310.00 paid in 1974 for the cost of a family trust package; 2. Whether petitioners are liable for the additions to tax under section 6653(a) for 1974 and 1975; and 3. Whether this Court has jurisdiction to determine whether petitioners are liable for the addition to tax under section 6654 for 1975. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Simi, California, at the time their petition was filed. They timely filed joint individual income tax returns for the calendar years 1974 and 1975. During the years in issue, petitioner Robert N. Brown (petitioner) was employed as a surgeon and petitioner Rosalie Brown was employed as a nurse. Petitioner testified that he was looking for ways to protect his assets after his *500 malpractice insurance premium increased and after he had a triple coronary bypass operation. In 1974, petitioner learned about the family trust package promoted by Educational Scientific Publishers (ESP) after adjournment of a meeting of Liga International, a medical organization to which petitioner belonged. Petitioner met with ESP representatives. Although petitioner testified that he brought an attorney and/or a CPA with him to one of the ESP presentations, he could not provide the name of any such individual nor did he refer to any specific recommendations made by any such individual. Petitioners also claim that the attorneys for the California Medical Society listed family trusts as a method of reducing taxes and preserving estates in a circular sent to all physicians in California. We have no proof that such a circular was sent other than petitioner's testimony. Petitioners included the following in a list of "ITEMS WE WERE LED TO BELIEVE [by ESP] ABOUT THE FAMILY TRUST": Trust would pay all expenses of our family except food and clothing, ie: vacations, travel, rest and recreation. Trust would pay for all autos and boats leased to trust. Set up a new depreciation *501 schedule for home furnishings, and office equipment which belonged to the trust. Told my office girl should be self-employed and we would not pay social security or with-holding tax. (never did do this) With these goals in mind, petitioners purchased a package of materials from ESP for the purpose of establishing the "Robert N. Brown, Sr. Family Estate (A Trust)" (hereinafter the Trust). Petitioner executed one of the documents provided by ESP entitled "Declaration Of Trust Of This Pure Trust" for the Trust, and this was notarized on September 1, 1974. In 1974, petitioner paid ESP a flat amount of $ 5,310.00 for the cost of the family trust package. After creation of the Trust, petitioner reported a substantial part of the income received from his medical practice on the Forms 1041 filed by the Trust for 1974 and 1975. The income reported on the Trust returns was omitted from the income reported on petitioners' individual income tax returns for 1974 and 1975. After respondent began the audit of petitioners and based upon remarks made by a revenue agent, petitioner filed an action to have the Trust declared void. The Trust was terminated in May 1981 by a decree of the *502 Superior Court of California, County of Madera. The statutory notice of deficiency was issued on April 9, 1979. On May 15, 1979, petitioner signed a form request for legal representation by an ESP attorney. It appears that such representation was part of the ESP package. Respondent determined that all income and expenses reported by the Trust should have been reported by petitioners. Respondent also disallowed the $ 5,310.00 deduction claimed by petitioners on their 1974 return as a charitable contribution and reported as "checks in payment of contribution to Educational Science Publishers - a non profit trust." Respondent imposed additions to tax under section 6653(a) for 1974 and 1975, and an addition to tax under section 6654 for 1975. A partial summary of respondent's determination is set forth in the following schedule: 1974
1975
unreported gross income
33,486,00 118,387.00 cost of trust denied
5,310.00 deductions and adjustments
(26,094.00)
(100.498.00)
total adjustments
12,702.00 17,889.00 taxable income reported
27,590.00 22,369.00 taxable income revised
40,292.00 40,258.00 Petitioners concede the correctness *503 of respondent's determinations for 1974 and 1975, except that they contest the disallowance of the claimed cost of the Trust package and the additions to tax under sections 6653(a) and 6654. OPINION Since petitioner has conceded the family trust issues, we need not add this case to the steady stream of cases in this Court and the Courts of Appeals ruling that the ESP trusts are invalid for tax purposes. On the 1974 joint return, petitioners claimed the $ 5,310.00 payment to ESP for the form trust instrument and related information as a charitable contribution. This was a flagrant attempt to claim a charitable deduction for payments to an organization for trust forms and other documents and advice in the preparation of an improper tax avoidance scheme in which petitioners willingly participated. It is obvious that the payment for the Trust package was not a charitable contribution under section 170. Petitioners now claim that the $ 5,310.00 payment to ESP should be allowed as a theft loss deduction for 1974 under section 165. We find this to be a specious argument. Petitioners obtained what they had bargained for: that is, the ESP package, which they used to create the *504 Trust in order to divert taxable income from their 1974 and 1975 returns to the Trust returns. Clearly, petitioners sustained no theft loss in 1974 which meets the requirements of section 165. In fact, we find it difficult to conceive of a theft loss from the purchase of an ESP package. We agree with the statement in Harris v. Commissioner,T.C. Memo. 1981-46: "To anyone (and we would include petitioners) not incorrigibly addicted to the 'free lunch' philosophy of life, the entire scheme had to have been seen as a wholly transparent sham." It is not clear from the record whether an attorney or a CPA ever advised petitioners to engage in this wholly transparent sham. The record is clear that petitioners accepted the blandishments of the ESP representatives and bought the "pie in the sky" peddled by ESP. We find that the $ 5,310.00 payment for the form trust instrument and related information is similar to the payments considered and ruled upon by this Court in Contini v. Commissioner,76 T.C. 447 (1981). [3] We held that such payments were nondeductible *505 personal expenses. The same determination in another case was recently upheld by the Eighth Circuit in Gran v. Commissioner,664 F.2d 199 (8th Cir., Nov. 23, 1981), 48 AFTR 2d 81-6179, 81-2 USTC par. 9796), affirming per curiam a Memorandum Opinion of this Court. As in Contini, we have no evidence in the record concerning ESP's terms for providing legal representation or the extent to which petitioners received such assistance. Petitioners here are not entitled to a deduction under section 212 for all the reasons set forth in Contini. We find that petitioners have failed to prove that their payment of $ 5,310.00 was deductible under any section of the Internal Revenue Code in 1974. We further find that this payment was a nondeductible personal expense under section 262. *506 This Court has consistently upheld the five percent addition to tax under section 6653(a) for negligence of intentional disregard of rules and regulations in the family trust cases in situations similar to the one before us. Wesenberg v. Commissioner,69 T.C. 1005 (1978). [4] Although petitioner testified that he sought advice from an attorney or an accountant, there is no evidence that either an attorney or an accountant advised petitioners that the Trust would produce the desired tax advantages. Considering that both petitioners were well educated, one a surgeon and the other a nurse, we find it difficult to believe that they could have envisioned the Trust as anything other than a "flagrant tax avoidance scheme." Wesenberg v. Commissioner,supra at 1015. We find that they have failed to carry their burden of proof that respondent was in error. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. As in the cases cited above, we sustain respondent's determination as to the additions to *507 tax under section 6653(a) for both 1974 and 1975. The question of whether this Court has jurisdiction to determine whether petitioners are liable for the addition to tax under section 6654 for 1975 for underpayment of estimated income tax has been mooted by an April 16, 1982, letter from respondent to petitioners, a copy of which was forwarded to the Court. We have made respondent's April 16, 1982, letter part of the record in this case. By this letter, which was sent long after the briefs had been filed and over three years after the notice of deficiency was issued, respondent belatedly advised the Court and the petitioners that respondent incorrectly computed the addition to tax under section 6654 on the basis of the deficiency, that petitioners correctly reported the addition to tax under section 6654 on the basis of the tax shown on the return, and that no addition to tax under section 6654 is due. *508 Since respondent has conceded this issue, we need nor further discuss it. [5]
Accordingly, based upon the concessions by the petitioners and the findings above, we will enter decision in the amounts of the deficiencies and additions to tax under section 6653(a) as set forth in respondent's determination and detailed heretofore. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue, unless otherwise indicated. ↩
2. Pursuant to the order of the Chief Judge, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable in this case.
3. See also, Raemer v. Commissioner,T.C. Memo. 1981-138; Sundheim v. Commissioner,T.C. Memo. 1981-139; Corcoran v. Commissioner,T.C. Memo. 1980-546; Morgan v. Commissioner,T.C. Memo. 1978-401; Johnston v. Commissioner,T.C. Memo. 1978-121 and Shuman Equity Trust v. Commissioner,T.C. Memo. 1981-264↩.
4. see e.g., Antonelli v. Commissioner,T.C. Memo. 1980-544; Basham v. Commissioner,T.C. Memo. 1980-545; Corcoran v. Commissioner,T.C. Memo. 1980-546 and Broncatti v. Commissioner,T.C. Memo. 1981-452↩.
5. See Reis v. Commissioner,T.C. Memo. 1974-287; Bale v. Commissioner,T.C. Memo. 1973-227↩.